# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

JS 6

| Case No. | CV 17-3580 DSF (AGRx) | Date | 5/18/17 |
|---|---|---|---|
| Title | Parvana Shapur Irani v. Sompo America Insurance Services, LLC | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order REMANDING Case to Superior Court

    This case was previously removed and remanded to state court. Defendant has removed the case again. Generally, removal after remand is not allowed if the second removal is on the same basis as the first. See Seedman v. U.S. Dist. Ct., 837 F.2d 413, 414 (9th Cir. 1988); Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1990); Midlock v. Apple Vacations West, Inc., 406 F.3d 453, 456-57 (7th Cir. 2005). However, a second removal is allowed where different grounds for, or evidence in support of, removal becomes available after the first removal. See Peabody, 892 F.2d at 776; Midlock, 406 F.3d at 457. The claimed basis for jurisdiction – diversity – is the same for both removals. The removing Defendant failed to properly assert diversity jurisdiction in the first instance and is barred from a "do over." This is not an "amended notice of removal" as the notice of removal asserts. It is a new notice of removal in a new federal case. The previous case was remanded; there is no longer jurisdiction in this Court over that case to allow amendment.

    The case is REMANDED to the Superior Court of California for the County of Los Angeles.

    IT IS SO ORDERED.